## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AFM, AFL–CIO, Respondent.

No. 526, Docket 34046.

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1970.

Decided March 2, 1970.

Allen H. Feldman, Washington D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Cooley Baskir and Sanford H. Fisher, Attys., N. L. R. B., on the brief), for petitioner.

Eugene Victor, New York City (Ashe & Rifkin, New York City, on the brief), for respondent.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and CROAKE, District Judge.*

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its order against the Associated Musicians of Greater New York, Local 802, AFM,

---

* Sitting by designation.

AFL–CIO. The trial examiner found, and the Board agreed, that the union violated section 8(b) (4) (i) (ii) (A) of the National Labor Relations Act (the "Act") by inducing and encouraging individuals employed by one Joe Carroll— an employer, musician, and conductor who is the sole proprietor of a business engaged in supplying musical services and entertainment—to engage in refusal to perform services, and by threatening and coercing Carroll, all of these efforts by the respondent union being directed at forcing Carroll to join the union. The trial examiner ordered the union to cease and desist from inducing and encouraging any individual employed by Joe Carroll or any other person to engage in a refusal to perform services and from threatening, coercing, or restraining Joe Carroll, where in either case the object of such action is to force *Joe Carroll* to join the union.[1]

The respondent union filed no exceptions to the trial examiner's decision. The General Counsel for the Board, however, filed limited exceptions to the scope of the trial examiner's recommended order. In response to these exceptions, the Board modified the trial examiner's order so as to preclude the union from violating section 8(b) (4) (i) (ii) (A) where the purpose of such conduct is to force Joe Carroll *"or any other self-employed person or employer,"*[2] to join the union.[3] The propriety of this broadening of the order is the only issue before us.

The union argues that this change in the scope of the order "convert[ed] a specific and narrow dispute between Carroll and a union delegate to a broad and sweeping interdict against the entire music industry to achieve a result not contemplated in the Board's complaint and not litigated between the parties."

We hold that the Board's modification of the trial examiner's order was proper. The Board based its decision to broaden the order on two grounds: (1) the Board's finding of a similar violation in another case, Associated Musicians of Greater New York, Local 802, AFM, AFL–CIO (Random Travel Inc.), 171 N.L.R.B. No. 149 (1968); and (2) the admission by the union's president, recited in the trial examiner's decision, that it was the union's "policy to unionize all people who * * * conduct."[4]

These reasons justify the Board in adopting, and this court in enforcing, the broad order. We have rejected similar respondent-union claims about the scope of orders where there was evidence that the specific violations found in the proceedings before the Board "derive from a generalized campaign and that a prohibition directed solely against [the specific acts of misconduct] * * * in the instant cases would be inadequate to guard against such a campaign." N. L. R. B. v. Local 25, International Brotherhood of Electrical Workers, 383 F.2d 449, 454–455 (2d Cir. 1967); see also section 10(c) of the Act,

---

1. The trial examiner also directed the union to post the usual notices, and to publish the same notice in the union's official publication, "Allegro."

2. We note that the broadened order is phrased in terms of the statutory language contained in section 8(b) (4) (i) (ii) (A) of the Act.

3. In modifying the trial examiner's recommended order, the Board also directed that the same change described in the text of the opinion be made in the wording of the notices to be posted and published.

4. This admission was made at a hearing held before Judge Herlands on a petition by the Board's Regional Director for a preliminary injunction pursuant to section 10(*l*) of the Act, 29 U.S.C. § 160(*l*). This petition was made at an earlier stage in this litigation, and Judge Herlands' opinion on the petition is reported at 283 F.Supp. 176 (S.D.N.Y.1968). That opinion quotes the testimony of the union's president, and the trial examiner quoted the opinion freely in his decision.

29 U.S.C. § 160(c) (Board may order "such affirmative action * * * as will effectuate the policies of [the Act]") ; May Department Stores Co. v. N. L. R. B., 326 U.S. 376, 390–393, 66 S.Ct. 203, 90 L.Ed. 145 (1945). The Board's broad order restraining other violations, based on this record, is justifiable because those other violations "bear some resemblance to that which the [respondent] has committed or that the danger of their commission in the future is to be anticipated from the course of [respondent's] conduct in the past." N. L. R. B. v. Express Publishing Co., 312 U.S. 426, 437, 61 S.Ct. 693, 700, 85 L.Ed. 930 (1941).

Enforcement granted.